**In re LETTERS OF REQUEST TO EXAMINE WITNESSES FROM the COURT OF QUEEN'S BENCH FOR MANITOBA, CANADA. (two cases).**

**MANITOBA COMMISSION OF INQUIRY, Applicant-Appellee,**

v.

**James L. ZEIGLER, Witness-Appellee.**

**MANITOBA COMMISSION OF INQUIRY, Applicant-Appellee,**

v.

**James L. ZEIGLER, Witness-Appellant.**

**Nos. 73–1978, 73–2210.**

United States Court of Appeals, Ninth Circuit.

Nov. 21, 1973.

Robert J. Gelhaus, and Stuart R. Pollak (argued), of Howard, Prim, Rice, Nemerovski, Canady & Pollak, James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for applicant-appellant.

Edwin E. Huddleson, Jr., Jerald L. Wilkerson (argued), of Cooley, Godward, Castro, Huddleson & Tatum, San Francisco, Cal., for witness-appellee.

Before TUTTLE,* MERRILL and BROWNING, Circuit Judges.

OPINION

PER CURIAM:

Pursuant to a Letter of Request from the Chief Justice of the Court of Queen's Bench for Manitoba, Canada,

* Honorable Elbert Parr Tuttle, Senior United States Circuit Judge of the Fifth Circuit, sitting by designation.

**512**

the District Court for the Northern District of California entered an order appointing commissioners to take testimony respecting the Pas Forestry and Industrial Complex, a multi-million dollar project in Manitoba. The Letter of Request established that those whose appointment was sought were a duly constituted Commission of Inquiry under the authority of the Manitoba Evidence Act.

Pursuant to the order of the District Court, the commissioners so appointed caused a subpoena to be served upon James L. Zeigler of Tiburon, California, who then moved the court below to vacate its earlier order appointing the commissioners and to quash the subpoena issued by them.

Following hearing the court granted Zeigler's motion by order entered May 23, 1973, and this appeal was taken. The order of the District Court is published at 59 F.R.D. 625 (N.D.Cal.1973).

The issue dealt with is whether 28 U. S.C. § 1782, pursuant to which the District Court's original order was entered, empowers federal district courts to compel testimony on behalf of a Canadian Commission of Inquiry. Section 1782 reads as follows:

"Assistance to foreign and international tribunals and to litigants before such tribunals.

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing produced, before a person appointed by the court   *   *   ."

The question is whether a Canadian Commission of Inquiry is a foreign tribunal within the meaning of the Act.

The District Court ruled that it was not. It stated:

"After a full consideration of the arguments raised by counsel in their briefs and at the hearing on this matter, it is the Court's judgment that § 1782 was not intended to and does not authorize the United States courts to compel testimony on behalf of foreign governmental bodies whose purpose is to conduct investigations unrelated to judicial or quasi-judicial controversies."

For the reasons set forth by the court in its order, *supra*, we agree.

Affirmed.